UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARELL A. SHAW, | Case No. 10-10727 |
| Plaintiff, | Avern Cohn |
| vs. | United States District Judge |
| COMMISSIONER OF | Michael Hluchaniuk |
| SOCIAL SECURITY, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 15)**

### I.   PROCEDURAL HISTORY

On February 22, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Avern Cohn referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance and supplemental security income benefits. (Dkt. 2).

On June 16, 2010, defendant filed a motion to dismiss, asserting that plaintiff's complaint should be dismissed because plaintiff has not received a final decision of the Commissioner made after a hearing as required to obtain judicial review under 42 U.S.C. § 405(g). (Dkt. 15). On July 12, 2010, plaintiff filed a

response, asserting that he filed a timely appeal. (Dkt. 17). Defendant filed a reply on July 28, 2010. (Dkt. 18). Attached to plaintiff's response were materials appearing to be related to a 2007 appeal, which was not addressed in defendant's reply. (Dkt. 17). In light of this material, the undersigned ordered defendant to file a supplemental reply addressing those materials. (Dkt. 20). In their supplemental reply, defendant states that there is no record of an appeal of the decision that is actually at issue in this lawsuit. (Dkt. 18).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint

In plaintiff's complaint, he asserts that his he was not late when he filed an appeal after a February 15, 2000 decision. (Dkt. 1). Plaintiff claims that he filed an appeal on March 8, 2000. He then says that his attorney told him that they did not receive a copy of the decision until January 12, 2001. Plaintiff then says he filed an appeal on January 26, 2001 and again on July 13, 2001. Plaintiff says that a hearing was held on June 11, 2003 and he was awarded a fully favorable decision with a retroactive benefit award from March 8, 2001 to June 16, 2003. Plaintiff appears to be claiming that the ALJ did not address his disabled adult child

benefits. He claims a disability onset date of October 15, 1993, and he filed his claim on March 31, 1994.

Plaintiff claims that he tried on several occasions to file a timely appeal for his claim from March 8, 2000 through June 14, 2004. On June 14, 2004, he says he was allowed to file a request for a hearing by an ALJ for his disabled adult child case. He says he was not, however, permitted to be at the hearing on January 24, 2005. He alleges that the ALJ used incorrect information to make a decision on his claim at that hearing. Plaintiff seeks benefits retroactive to October 24, 1993, the day he became disabled, or March 31, 1994, the day he originally filed his claim.

      B.      <u>Defendant's Motion to Dismiss</u>

According to the declaration of Earnest Baskerville, on February 15, 2000, an Administrative Law Judge (ALJ) issued a decision denying plaintiff's applications for a period of disability, disability insurance benefits for a disabled adult child, and supplemental security income (SSI). (Dkt. 22, ¶ 3(a)).[1] There is no record of appeal of that decision. (Dkt. 22, ¶ 3(a)). On June 26, 2003, following a request for a hearing on a new application for benefits, an ALJ issued a favorable decision finding plaintiff disabled for purposes of SSI as of March 8, 2001. (Dkt. 22, ¶ 3(b)). In that decision, the ALJ denied plaintiff's claim for a

---

[1] Mr. Baskerville's affidavit was not attached to defendant's motion to dismiss, but at the request of the Court, it was submitted on April 5, 2011. (Dkt. 22).

period of disability and disability insurance benefits. (Dkt. 22, ¶ 3(b)). Plaintiff requested review of the ALJ's decision over two years later on October 24, 2005. (Dkt. 22, ¶ 3(b)). The Appeals Council dismissed plaintiff's request for review on September 15, 2006. (Dkt. 22, ¶ 3(b)). On January 24, 2005, an ALJ dismissed plaintiff's request for a hearing on applications for a period of disability and disability insurance benefits for a disabled adult child. (Dkt. 22, at ¶ 3(c)). Plaintiff requested review of the ALJ's dismissal on March 14, 2005, and the Appeals Council denied plaintiff's request for review of that dismissal order on November 25, 2005. (Dkt. 22, ¶ 3(c)). Plaintiff filed a civil action seeking review of the Commissioner's determinations over four years later on February 22, 2010. (Dkt. 1).

The Commissioner argues that the Court should dismiss plaintiff's complaint for lack of jurisdiction because plaintiff has not received a "final decision of the Commissioner made after a hearing" as required to obtain judicial review under 42 U.S.C. § 405(g). On January 24, 2005, an ALJ dismissed plaintiff's request for a hearing on his claims for a period of disability and disability insurance benefits for a disabled adult child. (Dkt. 22, ¶ 3(c)). According to the Commissioner, the dismissal is binding because it was not vacated by an ALJ or the Appeals Council. 20 C.F.R. §§ 404.959, 416.1459. Therefore, the Commissioner posits, plaintiff does not have a decision by the ALJ after a hearing, as required under the Act.

The Commissioner also argues that, even if plaintiff could appeal, his complaint should be dismissed because he did not file a civil action within 60 days after receiving the Appeals Council's notice denying his request for review. The Appeals Council denied plaintiff's request for review of the ALJ's dismissal on November 25, 2005. (Dkt. 22, ¶ 3(c)). Plaintiff filed the instant civil action more than four years later, on February 22, 2010. (Dkt. 1). Thus, in the alternative, the Commissioner argues that plaintiff's complaint should be dismissed because his complaint was not timely filed.

The Commissioner also argues that plaintiff cannot seek review of the June 26, 2003 ALJ's decision finding that plaintiff was disabled for purposes of SSI as of March 8, 2001, but denying his claims for a period of disability and disability insurance benefits. (Dkt. 22, ¶ 3(b)). This is so because plaintiff requested review of the ALJ's decision over two years later on October 24, 2005. (Dkt. 22, ¶ 3(b)). The Appeals Council dismissed plaintiff's request for review on September 15, 2006. (Dkt. 22, ¶ 3(b)). According to the Commissioner, the Appeals Council's dismissal is binding and is not subject to further review. 20 C.F.R. §§ 404.972, 416.1472.

C.     Plaintiff's Response

Plaintiff restates the claim and appeal history set forth in his complaint and described above. In addition, plaintiff recounts some additional events relating to

his claims that occurred after the 2006 dismissal of his claim of appeal. In 2007 and 2008, the SSA reviewed their files and prepared a memoranda and letter to Mr. Shaw explaining the history of his claims. (Dkt. 17, pp. 41-45).

In a memorandum dated October 31, 2007 from the Assistant Regional Commissioner of the Procession Center Operations to the Director of Operations, Office of Appellate Operations, the following history of plaintiff's claims is detailed:

> The claimant filed for disability benefits on his own account number February 24, 1995. The application was denied for lack of insured status. He filed for Supplemental Security Income benefits and for disabled adult child benefits on 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 Cl in July 1995. The applications were denied and the claimant appealed the decisions.
>
> Upon a request for review of an Administrative Law Judge dismissal dated May 15, 1998, the Appeals Council remanded the case to the Administrative Law Judge for a hearing on March 15, 1999. That remand addressed the Supplemental Security Income and child's claim but also noted that the claimant now had insured status on his own account:
>
> "The Appeals Council notes that a record of the claimant's earnings obtained in connection with the request for review indicates that the claimant meets the disability insured status requirements for a period of disability insurance benefits under Title II of the Act from January 1, 1996 to March 31, 1998. Since the Claimant's application for Supplemental Security Income is an application for all benefits administered by the Social Security Administration, this application should

also be treated as an application for a period of disability and disability insurance benefits."

On February 15, 2000, Administrative Law Judge Kathleen T. Donahue issued an unfavorable decision that addressed only the Supplemental Security Income benefit application and the disabled adult child application. It appears that the claimant still has an open application pending on the issue of Title II disability insurance benefits.

A current DISCO shows that the claimant was first insured for Title II benefits January 1, 1996 to June 30, 1998. A second period of insured status began April 1, 1999 and ended June 30, 1999. And a third period of insured status began April 1, 2000 and ended June 30, 2005.

The claimant was awarded Supplemental Security Income benefits by Administrative Law Judge decision dated June 26, 2003. The ALJ found an onset date equal to the date of filing (March 8, 2001). This was adopted by the FO for Title II disability benefits without regard that an earlier onset might be found.

The claimant has multiple files in connection with his three claims. We have gathered all the files available and tried to sort material to each particular claim. The claimant previously asked the Appeals Council to consider reopening and changing prior Administrative Law Judge's decisions. Your last letter to the claimant was dated September 13, 2007.

Because of your recent involvement with this case, we are sending the files to you for review. After review, please forward the files to the appropriate ODAR office for a hearing on the pending claim for disability insurance benefits.

(Dkt. 17, pp. 40-41). On January 14, 2008, the Disability Processing Branch sent a letter to Mr. Shaw as follows:

> You contacted Social Security with questions about whether all actions had been taken on your applications. The folders on your record for title II disability, supplemental security income and for childhood disability benefits on your mother's record were returned to the Appeals Council for further review. This letter explains the disposition issued by the Appeals Council.
>
> A decision was issued February 15, 2000, by the Administrative Law Judge. That decision was that your medical condition was not disabling under Social Security law from October 25, 1993, the date you stated you became disabled, through the date of the decision. The decision did not specifically address the application for title II disability benefits. However, it was an unfavorable decision and no benefits would be due even if it had addressed title II disability benefits.
>
> You filed a subsequent application for supplemental security income on March 8, 2001. The application was denied and you appealed. At the hearing, you amended your date of onset to March 8, 2001. In a favorable decision dated June 26, 2003, the Administrative Law Judge found you to be under a disability as of March 8, 2001. This decision was adopted for your entitlement to title II disability benefits. You are receiving title II disability benefits and supplemental security income benefits with your amended onset date and on the most recent applications filed. There are no unadjudicated applications. There are no additional benefits due you. We do not have any information that would cause us to change our earlier decision.
>
> You cannot be entitled to childhood disability benefits on the record of your mother because you were not found to

> be under a disability prior to age 22.
>
> We have considered the information which you submitted but it does not show any new facts about your condition. Therefore, since the facts are the same as those already considered in the past decision and since the same law applies, the decision remains in effect.

(Dkt. 17, p. 46). In this letter, plaintiff's request to reopen his claims was denied and it was explained to plaintiff that this decision was not reviewable by the court. (Dkt. 17, p. 47).

    D.    <u>Defendant's Reply</u>

After reviewing plaintiff's response, the Commissioner reexamined its records and submitted a revised declaration of Mr. Baskerville. (Dkt. 19). The declaration clarifies that the June 26, 2003 favorable ALJ decision finding that plaintiff was disabled as of March 8, 2001, for purposes of SSI under Title XVI of the SSA was later adopted for plaintiff's entitlement to a period of disability and DIB under Title II. (Dkt. 19, ¶ 3(b)). Thus, plaintiff has been receiving both SSI and DIB with a disability onset date of March 8, 2001. The Commissioner indicated that its position had not been altered and that plaintiff's claim should be dismissed for the reasons set forth in its initial motion.

In light of the 2007 investigation and review of plaintiff's claims, the undersigned directed the Commissioner to file a supplemental reply brief addressing the materials plaintiff had attached to his response. (Dkt. 20). The

Commissioner did so on November 10, 2010. (Dkt. 21). The Commissioner recounted the Appeals Council's decision, which was issued on December 5, 2007 according to the Agency files. (Dkt. 21, n. 1). The Appeals Council stated that it had considered the case, but declined to take any further action. (Dkt. 21-1). The Appeals Council explained that even if the February 15, 2000 ALJ decision had specifically addressed plaintiff's DIB application, no benefits would be due because the decision was unfavorable. (Dkt. 21-1). The Appeals Council also noted that plaintiff was later awarded SSI with an onset date of March 8, 2001, and that subsequent to that decision, the Agency adopted the decision for purposes of DIB. (Dkt. 21-1). The Appeals Council declined to take further action because plaintiff was receiving DIB based on his amended March 8, 2001 onset of disability date and stated that no additional benefits would be due. (Dkt. 21-1). It appears that, according to the Commissioner, on December 5, 2007, the Appeals Council ended the review as described in the correspondence included with plaintiff's response.

### III.  ANALYSIS AND CONCLUSIONS

Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. *Weinberger v.*

*Salfi*, 422 U.S. 749, 763-64 (1975). The accompanying regulations explain that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). First, a claimant applies for benefits and receives an initial determination and, if dissatisfied with this determination, the claimant may request reconsideration. Second, if dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must request that the Appeals Council review the decision. Finally, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes the final decision of the Commissioner. The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the appeals council's action. 20 C.F.R. §§ 416.1400(a)(5); 422.210.

In this case, there is no dispute that plaintiff did not timely file a lawsuit in this Court within 60 days from anything that can reasonably be described as a final appealable decision, and plaintiff does not appear to be claiming as such. While plaintiff recounts much subsequent history relating to his claims, the focus of his complaint appears to be on the February 15, 2000 ALJ decision denying benefits.

And, while plaintiff claims that he did not receive this decision until January, 2001, he also inconsistently claims that he filed an appeal on March 8, 2000.[2] Plaintiff also says he filed an appeal on January 26, 2001 and again on July 13, 2001. Plaintiff appears to be arguing that he filed appeals (timely and untimely) with the Appeals Council, but the Appeals Council then never did anything. This argument suggests that equitable tolling should be applied to determine if plaintiff's lawsuit is untimely.

The 60-day time period provided for in § 405(g) is not jurisdictional, but rather, is a statute of limitations. *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). The Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is "consistent with the overall congressional purpose" of the statute and "nowhere eschewed by Congress." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). The Sixth Circuit considers five factors when evaluating a claim for equitable tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[2] Had plaintiff done so, his appeal to the Appeals Council of the January 2000 ALJ decision would have been timely.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). This is a fact-specific inquiry and "tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986), quoting, *Bowen*, 476 U.S. at 479. "Although the [Commissioner] usually retains the authority to determine tolling, a court may act 'where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.*, quoting *Bowen*, 476 U.S. at 480. Given that plaintiff asserts that he filed an appeal with the Appeals Council in March 2000, he was apparently not ignorant of the filing requirements. Plaintiff does not, however, offer any evidence to support his attempted appeals to the appeals council[3] and offers no explanation for waiting until 2010, nine years after the last claimed attempt to file an appeal with the Appeals Council, to bring this lawsuit. Under these circumstances, plaintiff was decidedly lacking diligence in pursuing his claim and the delay of nine years also presents a high likelihood of prejudice to defendant. Thus, equitable tolling should not be applied to plaintiff's claim.

In 2007, plaintiff requested that his claim be reopened and his files reviewed. This was done by the SSA in 2007. As explained in the January, 2008

---

[3] Plaintiff attached copies of several receipts from the U.S. Postal Service, but none are dated on or near the time he claims to have submitted his appeals of the 2000 decision to the Appeals Council.

letter to plaintiff, under the applicable regulations, a determination may be reopened within one year for any reason and within four years under very limited circumstances. (Dkt. 17, p. 47). However, in any event, the decision to deny reopening is not a reviewable decision in this Court. *Califano v. Sanders*, 430 U.S. 99, 107-109 (1977) (Because the Commissioner can deny a request to reopen a prior final decision without providing a hearing, the Supreme Court has held that such a denial is not reviewable.). Thus, this Court has no subject matter jurisdiction over the decision to deny plaintiff's request to reopen any of the prior final decisions regarding his claims.

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 7, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on April 7, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Vanessa Miree Mays, AUSA, and the Commissioner of Social Security</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Sharell A. Shaw, 20925 Lasher, Apt. 815, Southfield, MI 48033</u>.

                                               s/Darlene Chubb
                                               Judicial Assistant
                                               (810) 341-7850
                                               darlene_chubb@mied.uscourts.gov