UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARELL A. SHAW,

    Plaintiff,

v.

    Case No. 10-10727

COMMISSIONER OF SOCIAL SECURITY,    HON. AVERN COHN

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 43) AND ENJOINING PLAINTIFF FROM FILING FURTHER PAPERS IN THIS CASE WITHOUT LEAVE OF COURT

I.

This is a social security case. The Court dismissed the case in 2011. The Court of Appeals for the Sixth Circuit affirmed the dismissal in 2012. Thus, the case has long since been closed. Nevertheless, plaintiff still continues to inundate the Court with motions. Before the Court is plaintiff's motion for reconsideration, his third of such motions. For the reasons that follow, the motion will be denied. Plaintiff will also be enjoined from filing any more papers in this case without first obtaining leave of court.

II.

On February 22, 2010, plaintiff Sharell Shaw, proceeding pro se, filed this action seeking judicial review of an unfavorable decision disallowing benefits. The matter was referred to a magistrate judge for all pretrial proceedings. Defendant, the Commissioner of Social Security (Commissioner), filed a motion to dismiss on the grounds that plaintiff

had not timely appealed from a final decision and therefore jurisdiction was lacking. (Doc. 15). On April 7, 2011, the magistrate judge issued a report and recommendation (MJRR) recommending that the Commissioner's motion be granted. (Doc. 23). Plaintiff did not file objections. On May 6, 2011, the Court entered an order adopting the MJRR, granting the Commissioner's motion, and dismissing the case. (Doc. 24). Plaintiff appealed. On January 26, 2012, the Court of Appeals for the Sixth Circuit affirmed the dismissal. Shaw v. Commissioner of Social Security, No. 11-1642 (6th Cir. Jan. 26, 2012).

On May 22, 2013, plaintiff filed a letter with several attachments, which the Court construed as a motion for reconsideration. (Doc. 36). The Court denied the motion on May 31, 2013. (Doc. 37).

On September 12, 2013, plaintiff filed a second motion for reconsideration. (Doc. 41). The Court denied the motion on September 27, 2013. (Doc. 42). Once again, on October 23, 2013, plaintiff moved for reconsideration. (Doc. 43).

III.

A motion for reconsideration is governed by E.D. Mich LR 7.1(h)(3) , which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff has not satisfied this standard. First, the motion is untimely. Motions for reconsideration must be filed within 14 days after entry of the order or judgment in

2

which reconsideration is sought. See E.D. Mich. LR 7.1(h)(1). Plaintiff here is challenging the dismissal of his case in May of 2011, well-beyond this time frame. Second, as explained in the prior orders denying reconsideration, while plaintiff continues to argue that his appeal was timely filed, this argument has been considered and rejected by the Court and the Sixth Circuit. Absent new evidence or a change in controlling law, neither of which is present here, the Court lacks the power to revisit a judgment that has been affirmed by the Sixth Circuit. Keith v. Bobby, 618 F.3d 594, 600–01 (6th Cir. 2010); Mitchell v. Rees, 261 F. App'x 825, 828 (6th Cir. 2008). In short, there is no basis for reconsideration.

IV.

Moreover, while the Court has been tolerant of plaintiff's pro se filings, he has continued to file multiple motions for reconsideration which lack merit. The Court has explained this to plaintiff. In light of plaintiff's litigation history, there is good reason to believe he will continue undeterred to file frivolous motions in this case. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987).

V.

For the reasons stated above, plaintiff's motion for reconsideration is DENIED.

Plaintiff is also ENJOINED from filing any more papers in this case without first obtaining leave of Court. Any future motions filed without leave will be summarily dismissed.

SO ORDERED.


    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 6, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160